**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Civil Case Number: _____

| | |
|---|---|
| Elaine A Shisoff, | : |
| | : |
| Plaintiff, | : |
| vs. | : |
| | : |
| Rausch Sturm LLP f/k/a Rausch, Sturm, Israel & Hornik, S.C., | : |
| | : |
| Defendant. | : |

**COMPLAINT**

For this Complaint, the Plaintiff, Elaine A Shisoff, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA") in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Elaine A Shisoff ("Plaintiff"), is an adult individual residing in Tampa, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

5. The Defendant, Rausch Sturm LLP f/k/a Rausch, Sturm, Israel & Hornik, S.C. ("Rausch"), is a Wisconsin business entity with an address of 2448 South 102nd Street, Suite 210, Milwaukee, Wisconsin 53227, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Rausch for collection, or Rausch was employed by the Creditor to collect the Debt.

9. Rausch attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Rausch Engaged in Harassment and Abusive Tactics

10. In 2017, Rausch initiated a lawsuit against Plaintiff in an attempt to collect the Debt.

11. Rausch and Plaintiff agreed to settle the Debt for $555.11 with the final payment being due on or before June 23, 2017.

12. Plaintiff made the following payments to Rausch:

- January 20, 2017: $250.11
- February 20, 2017: $100.00
- March 29, 2017: $150.00
- April 19, 2017: $105.00

13. Plaintiff mistakenly paid an extra $50.00, making the total amount she paid to Rauch $605.11 instead of the $551.11.

14. In March 2019, despite having already paid the Debt in full per the terms of the settlement agreement, Rausch obtained a judgment against Plaintiff.

15. In August 2020, Rausch garnished Plaintiff's bank account in the amount of $981.20.

16. Rausch's actions caused Plaintiff financial hardship as well as a significant amount of confusion, stress and anxiety.

C. **Plaintiff Suffered Actual Damages**

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiff incorporates by reference Paragraphs 1 through 16 of this Complaint as though fully stated herein.

20. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendant attempted to collect an amount not authorized by the agreement creating the debt.

25. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

27. The Plaintiff incorporates by reference Paragraphs 1 through 16 of this Complaint as though fully stated herein.

28. The Defendant willfully communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

29. The Defendant claimed, attempted, or threatened to enforce a debt when such person knew that the debt was not legitimate or asserted the existence of some other legal right when such person knew that the right did not exist, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9).

30. The Plaintiff is entitled to damages as a result of Defendant's violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat.§ 559.77;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat.§ 559.77;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77;
4. Punitive damages pursuant to Fla. Stat. § 559.77; and
5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 25, 2021

                                           Respectfully submitted,

                               By     */s/ Sergei Lemberg*

                                           Sergei Lemberg, Esq.
                                           Florida Bar No. 1026228
                                           Lemberg Law, LLC
                                           43 Danbury Road
                                           Wilton, CT 06897
                                           (203) 653-2250
                                           slemberg@lemberglaw.com